before the expiration of the two years, he should by any means obtain possession and make improvements, he would make them at his own peril. But if no redemption be made within the two years, and the purchaser at the tax-sale pay up the balance of the purchase-money and obtain a deed, and make improvements, then it is reasonable that any person, who is by law permitted to redeem after the two years, should pay for any improvements which the purchaser should have made after the expiration of the two years, and after his title had become complete at law; or, in the words of the second proviso, "while the same was in his possession;" the legislature not having contemplated that he could obtain the possession until the two years should have expired. By the words of this proviso, the minor coming to redeem must not only pay the taxes and expenses, and ten per cent. interest thereon, but must pay the amount of purchase-money so paid for, with ten per cent. interest thereon, and all the taxes that have been paid thereon by the purchaser, or his assigns, between the day of sale and the period of redemption, with ten per cent. interest on the amount of such taxes, and also the full value of the improvements which may have been made or erected on such property by the purchaser, or his assigns, while the same was in his or their possession. The person, who redeems under the second proviso, must pay the purchase-money so paid therefor. Until the expiration of the two years, nothing is to be paid by the purchaser but the taxes and expenses of sale. The purchase-money, as such, is not to be paid until the two years have elapsed. "The purchase-money so paid therefor" must, therefore, include not only the taxes and expenses of sale, paid at the time of the sale, but the residue of the purchase-money paid after the two years. This shows that the second proviso only applies to such as come to redeem after the expiration of the two years. A proprietor who seeks to redeem within the two years, therefore, cannot be at all affected by the second proviso, and consequently cannot, under that proviso, be obliged to pay for any improvements, nor for the interest upon the taxes paid by the purchaser after the sale. The non-payment by Mr. Leckie for those improvements and that interest, therefore, is no reason why he should not be put into possession of the property which he has purchased.

But it is said that the decree of the court is for the sale and conveyance of the property only, not for the possession; and that the defendants cannot be in contempt for not delivering up the possession.

THE COURT, however, was of opinion that its power to decree a sale of the property included a power to compel all the parties to submit to such decree, and to carry it into effect; and on the 6th of June, 1828, an injunction was issued by the court, commanding the defendants and all other persons to deliver the possession to Mr. Leckie. This injunction having been served and disobeyed, and it having been suggested that Mrs. McCormick, the widow of the intestate, was entitled to dower, a commission was issued, by order of the court and consent of parties, on the 14th of June, 1828, to assign her dower, which was returned executed; and the report of the commissioners assigning her dower was, on the 21st of June, 1828. confirmed by the court; and, upon the authority of the case of Garretson v. Cole, 1 Har. & J. 389, a writ of habere facias possessionem was ordered, agreeably to the form adopted by the chancellor in that case; which is not exactly the form of the common-law writ, but was framed by the chancellor to suit the occasion. See Act Md. 1785, c. 72, § 27.

---

ONEALE (LONG v.). See Case No. 8,481.

ONEALE (SEMMES v.). See Case No. 12,654.

O'NEALE (THORNTON v.). See Case No. 13,999.

O'NEALE (UNITED STATES v.). See Case No. 15,920.

---

## Case No. 10,516.

### O'NEALE v. WILLIS.

[2 Cranch, C. C. 108.] [1]

Circuit Court, District of Columbia. July Term, 1809.

WITNESS—FREEDMAN—COMPETENCY.

Quære, whether a free colored man is a competent witness in a cause between white persons.

Assault and battery, by beating the plaintiff's slave. A free colored man was offered by the plaintiff as a witness.

THE COURT was divided as to his admission.

CRANCH, Chief Judge, was in favor of admitting him, upon the authority of U. S. v. Mullany [Case No. 15,832], in this court, at July term, 1809.

THRUSTON, Circuit Judge, contra. The witness was not sworn. A juror was withdrawn by consent.

---

## Case No. 10,517.

### ONE ANCHOR AND CHAIN.

[2 Lowell, 549; [2] 11 Am. Law Rev. 615.]

District Court, D. Massachusetts. Feb., 1877.

SALVAGE.

A steamship lost her anchor, at night, in a roadstead within the limits of the harbor of Boston. and a wrecker, knowing the ownership of the vessel. and that the owners were ready to contract for the recovery of the an-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]